IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM BABER**<br>6407 Holly Canyon Court<br>Katy, TX 77450<br><br>vs.<br>**WARD TRUCKING, LLC**<br>1436 Ward Trucking Drive<br>Altoona, PA 16602<br>and<br>**RONALD H. WHISMAN**<br>291 Oak Grove Lane<br>Tallmadge, OH 44278 | Civil Action No.: 3:16-cv-109<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION

### I.   PARTIES

1. Plaintiff, WILLIAM BABER, is an adult individual residing at the above-captioned address and is a citizen of the State of Texas.

2. Plaintiffs believe and therefore aver that Defendant, WARD TRUCKING, LLC is now and at all times pertinent hereto a corporation or other business entity organized and existing under the laws of Commonwealth of Pennsylvania, with its executive offices located at 1436 Ward Trucking Drive, Altoona, PA 16602.

3. Defendant, RONALD H. WHISMAN, is an adult individual residing at the captioned address and is a citizen of the State of Ohio.

## II. JURISDICTION

4. Jurisdiction over Plaintiff's claims for relief are brought by virtue of 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum value of $75,000 exclusive of interest and costs, and is between the citizens of different states.

## III  FACTUAL BACKGROUND

5. At all times material hereto, Plaintiff, WILLIAM BABER, was the operator of a 2006 Peterbilt 387 tractor trailer.

6. At all times material hereto, Defendant, RONALD H. WHISMAN, was the operator of a 2014 Mack tractor trailer owned by Defendant, WARD TRUCKING, LLC.

7. The incident which forms the basis of this litigation occurred on or about September 4, 2015, on Interstate 80 at or near mile marker 74.6 in Union Township, Jefferson County, Pennsylvania.

8. At the time and place aforesaid, Plaintiff, WILLIAM BABER's vehicle was slowing to a stop when it was suddenly and without warning struck by a tractor trailer owned by Defendant, WARD TRUCKING, LLC., and being operated by Defendant, RONALD H. WHISMAN.

9. As a direct and proximate result of the carelessness and negligence of the Defendants, Plaintiff, WILLIAM BABER, sustained severe and devastating injuries, some of which are permanent, including, but not limited to: cervical disc injury requiring anterior cervical discectomy with fusion at C3-4; retrolisthesis of vertebrae C3-4; head injury; lumbago; left shoulder injury; cervical stenosis; cervical spondylolisthesis; cervical radiculopathy; lumbar radiculopathy; cervical, thoracic and lumbar sprain and strain; emotional distress; together with a severe shock to his nerves and nervous system.

10. As a further direct and proximate result of the carelessness and negligence of the Defendants, Plaintiff was forced to endure great pain, suffering and inconvenience and will continue to suffer the same in the future. The Plaintiff was forced to submit to medical, medicinal and therapeutic treatment, and will be forced to submit to the same in the future.

11. As a further direct and proximate result of the carelessness and negligence of the Defendants, Plaintiff has suffered embarrassment, humiliation and other mental injuries resulting from his physical injuries and will suffer the same in the future.

12. As a further direct and proximate result of the carelessness and negligence of the Defendants, Plaintiff has been forced to expend large sums of money for doctors, hospital, x-rays, medicines, surgical treatment and other items

necessary for proper care and treatment and will be forced to expend additional sums in the future for like items.

13. As a further direct and proximate result of the carelessness and negligence of the Defendants, Plaintiff has been prevented from attending to his usual and daily activities, duties, and occupation, with a consequent loss of earnings and earning power and may be so prevented for an indefinite time in the future, all to his great detriment and loss.

14. As a further direct and proximate result of the carelessness and negligence of the Defendants, Plaintiff has been deprived of the loss of life's pleasures, and will be so prevented in the future.

## COUNT I

## PLAINTIFF v. DEFENDANTS – NEGLIGENCE

15. Plaintiff hereby incorporates Paragraphs 1 through 14 inclusive as if same were set forth herein more fully at length.

16. The aforesaid motor vehicle collision was caused solely by the carelessness and negligence of Defendants, WARD TRUCKING, LLC and RONALD H. WHISMAN, in the following particular respects:

    a. failing to have the tractor trailer under proper control;

    b. failing to exercise proper and adequate control under the circumstances;

4

c. failing to give proper and sufficient warning of the approach of the tractor trailer;

d. operating the tractor trailer without due regard to the rights, safety and position of the Plaintiff;

e. failing to keep a proper lookout;

f. failing to maintain the tractor trailer in proper working condition;

g. failing to yield the right of way;

h. failing to safely operate the tractor trailer while paying due attention to other vehicles on the roadway;

i. failing to stop for traffic;

j. driving too fast for conditions;

k. operating the tractor trailer at an excessive speed;

l. failing to heed and slow down for traffic;

m. failing to stop the tractor trailer within an assured clear distance;

n. operating the tractor trailer in a careless manner;

o. operating the tractor trailer in an unsafe manner likely to endanger persons and/or property;

p. failing to apply the brakes in an effort to avoid striking Plaintiff's tractor trailer;

q. failing to take evasive action to avoid striking Plaintiff's tractor trailer;

r. making violent contact and striking Plaintiff's vehicle;

s.  failing to pay proper attention while operating a tractor trailer;

t.  failing to ascertain whether Defendant, Ronald H. Whisman could safely operate a tractor trailer;

u.  negligently entrusting the tractor trailer to Defendant, Ronald H. Whisman though Defendants knew or should have known that Defendant, Ronald H. Whisman was not sufficiently skilled nor healthy to operate the tractor trailer;

v.  failing to properly inspect, maintain and repair the tractor trailer;

w.  failing to ensure that Defendants' tractor trailer was in proper and working order;

x.  hiring and employing Defendant, Ronald H. Whisman, though Defendants knew or should have known that Defendant, Ronald H. Whisman, was not sufficiently skilled, nor competent, nor healthy to safely operate the tractor trailer;

y.  failing to properly train and supervise drivers, agents, servants, workmen, employees, representatives, contractors, and/or ostensible agents, including Defendant Whisman;

z.  failing to adopt and enforce appropriate policies and procedures to ensure that the Defendants' drivers, agents, servants, workmen, employees, representatives, contractors and/or ostensible agents, were properly trained and supervised;

aa.  failing to properly control the activities of the Defendants' personnel,employee(s),driver(s),representative(s), contractor(s), and/or agent(s);

bb.  failing to hire competent personnel, employee(s), driver(s), representative(s), contractor(s), and/or agent(s);

cc.  negligently permitting incompetent personnel, employee(s), driver(s), representative(s), contractor(s), and/or agents to operate, inspect and maintain Defendants' tractor trailer;

6

dd. failing to comply with 49 C.F.R. §392.3 in permitting a fatigued or ill or inattentive driver to unsafely operate a commercial vehicle;

ee. failing to enforce applicable Federal Regulations for maximum driving time under 49 C.F.R. Part 395;

ff. failing to comply with driver recordkeeping under 49 C.F.R. §395.8 et seq.; and

gg. any and all acts of negligence which may be discovery pursuant to the Federal Rules of Civil Procedure.

**WHEREFORE,** Plaintiff, WILLIAM BABER, demands judgment against Defendants, WARD TRUCKING, LLC and RONALD H. WHISMAN, in a sum in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS, plus attorney's fees, interest and costs of suit.

## COUNT II

### PLAINTIFF v. DEFENDANTS – PUNITIVE DAMAGES

17. Plaintiff hereby incorporates Paragraphs 1 through 16 inclusive as if same were set forth herein more fully at length.

18. The aforesaid motor vehicle collision was caused solely by the carelessness and negligence of Defendants, WARD TRUCKING, LLC and RONALD H. WHISMAN, in operating a tractor trailer at an unsafe rate of speed with deliberate indifference and disregard to the risk of safety of others before violently striking Plaintiff's tractor trailer.

**WHEREFORE**, Plaintiff, WILLIAM BABER, demands judgment against Defendants, WARD TRUCKING, LLC and RONALD H. WHISMAN, in a sum in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS, plus attorney's fees, interest and costs of suit.

_____
RAYMOND M. BILY, ESQUIRE
REIFF AND BILY
Attorney for Plaintiff
Identification No. PA44677
1125 Walnut Street
Philadelphia, PA 19107
Phone: 215-246-9000
Fax: 215-246-9012
E-mail: rbily@reiffandbily.com